COPY

BILL LOCKYER, Attorney General
of the State of California
PAUL T. HAMMERNESS,
Supervising Deputy Attorney General
BRADLEY A. SOLOMON, (State Bar No. 140625)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664
Telephone: (415) 703-5627
Facsimile: (415) 703-5480

Attorneys for Defendants
James Libby and G.R. "Jerry" Monge

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARC LARZ LISTER,

Plaintiff,

v.

TREVOR SCHNITZIUS, MICHAEL HULSEY, RICHARD SMITH, JAMES LIBBY, G.R. "JERRY" MONGE, MARK A. MOCZULSKI, CITY OF ANTIOCH, and DOES 1 - 60, inclusive,

Defendants.

CASE NO. C05-02861 EMC

**DEFENDANTS OFFICERS JAMES LIBBY AND G.R. "JERRY" MONGE'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Defendants OFFICERS JAMES LIBBY and G.R. "JERRY" MONGE, answer the complaint as follows:

1. Defendants lack knowledge regarding the allegations contained in paragraph one of the complaint and therefore deny, on information and belief, said allegations.

2. Defendants lack knowledge regarding the allegations contained in paragraph two of the complaint and therefore deny, on information and belief, said allegations.

3. Defendants lack knowledge regarding the allegations contained in paragraph three of the complaint and therefore deny, on information and belief, said allegations.

4. Defendants lack knowledge regarding the allegations contained in paragraph four of the complaint and therefore deny, on information and belief, said allegations.

5. Defendants cannot respond due to the vagueness and ambiguity of the phrase "at all times mentioned herein" contained in paragraph five of the complaint and therefore deny, on information and belief, said allegations.

6. Defendants deny the allegations contained in paragraph six of the complaint.

7. Paragraph seven of the complaint contains no allegations.

8. Defendants lack knowledge regarding the allegations contained in paragraph eight of the complaint and therefore deny, on information and belief, said allegations.

9. Defendants lack knowledge regarding the allegations contained in paragraph nine of the complaint and are unable to admit or deny the allegations at this time.

10. Defendants lack knowledge regarding the allegations contained in paragraph ten of the complaint and are unable to admit or deny the allegations at this time.

11. Defendants lack knowledge regarding the allegations contained in paragraph eleven of the complaint and are unable to admit or deny the allegations at this time.

12. Defendants lack knowledge regarding the allegations contained in paragraph twelve of the complaint and are unable to admit or deny the allegations at this time.

13. Defendants lack knowledge regarding the allegations contained in paragraph thirteen of the complaint and are unable to admit or deny the allegations at this time.

14. Defendants lack knowledge regarding the allegations contained in paragraph fourteen of the complaint and are unable to admit or deny the allegations at this time.

15. Defendants lack knowledge regarding the allegations contained in paragraph fifteen of the complaint and are unable to admit or deny the allegations at this time.

16. Defendants lack knowledge regarding the allegations contained in paragraph sixteen of the complaint and are unable to admit or deny the allegations at this time.

17. Defendants lack knowledge regarding the allegations contained in paragraph seventeen of the complaint and are unable to admit or deny the allegations at this time.

18. Defendants lack knowledge regarding the allegations contained in paragraph eighteen of the complaint and are unable to admit or deny the allegations at this time.

19. Defendants lack knowledge regarding the allegations contained in paragraph nineteen

of the complaint and are unable to admit or deny the allegations at this time.

20. Defendants lack knowledge regarding the allegations contained in paragraph twenty of the complaint and are unable to admit or deny the allegations at this time.

21. Defendants lack knowledge regarding the allegations contained in paragraph twenty-one of the complaint and are unable to admit or deny the allegations at this time.

22. Defendants lack knowledge regarding the allegations contained in paragraph twenty-two of the complaint and are unable to admit or deny the allegations at this time.

23. Defendants lack knowledge regarding the allegations contained in paragraph twenty-three of the complaint and are unable to admit or deny the allegations at this time.

24. Defendants lack knowledge regarding the allegations contained in paragraph twenty-four of the complaint and are unable to admit or deny the allegations at this time.

25. Defendants lack knowledge regarding the allegations contained in paragraph twenty-five of the complaint and are unable to admit or deny the allegations at this time.

26. Defendants lack knowledge regarding the allegations contained in paragraph twenty-six of the complaint and are unable to admit or deny the allegations at this time.

27. Defendants lack knowledge regarding the allegations contained in paragraph twenty-seven of the complaint and are unable to admit or deny the allegations at this time.

28. Defendants lack knowledge regarding the allegations contained in paragraph twenty-eight of the complaint and are unable to admit or deny the allegations at this time.

29. Defendants lack knowledge regarding the allegations contained in paragraph twenty-nine of the complaint and are unable to admit or deny the allegations at this time.

30. Defendants deny the allegations contained in paragraph thirty of the complaint due to the vague and ambiguous use of the phrase "joint venture".

31. Defendants deny the allegations contained in paragraph thirty-one of the complaint.

32. Defendants deny the allegations contained in paragraph thirty-two of the complaint.

33. Defendants deny the allegations contained in paragraph thirty-three of the complaint.

34. Defendants deny the allegations contained in paragraph thirty-four of the complaint.

35. Defendants deny the allegations contained in paragraph thirty-five of the complaint.

36. Defendants deny the allegations contained in paragraph thirty-six of the complaint.

37. Defendants deny the allegations contained in paragraph thirty-seven of the complaint.

38. Defendants deny the allegations contained in paragraph thirty-eight of the complaint.

39. Defendants lack knowledge regarding the allegations contained in paragraph thirty-nine of the complaint and therefore deny, on information and belief, said allegations.

40. Paragraph forty of the complaint contains no allegations.

41. Defendants deny the allegations contained in paragraph forty-one of the complaint.

42. Defendants deny the allegations contained in paragraph forty-two of the complaint.

43. Paragraph forty-three of the complaint contains no allegations.

44. Defendants deny the allegations contained in paragraph forty-four of the complaint.

45. Defendants are not parties to this cause.

46. Defendants are not parties to this cause.

47. Defendants are not parties to this cause.

48. Paragraph forty-eight of the complaint contains no allegations.

49. Defendants deny the allegations contained in paragraph forty-nine of the complaint.

50. Defendants deny the allegations contained in paragraph fifty of the complaint.

51. Defendants deny the allegations contained in paragraph fifty-one of the complaint.

52. Paragraph fifty-two of the complaint contains no allegations.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1.:

The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 2.:

The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 3.:

The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages. (Gov. Code, § 818; Civ. Code, § 3294.)

AFFIRMATIVE DEFENSE NO. 4.:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendants would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendants would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendants would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the Constitutions of the United States and the State of California in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

8) Such damages would amount to excessive fines in contravention of the Eighth Amendment; and

9) Defendants would be deprived in other ways of the right to due process of law.

By reason of the above premises, the award of punitive damages herein should not be allowed.

AFFIRMATIVE DEFENSE NO. 5.:

The complaint and each cause of action are barred by the statute of limitations.

AFFIRMATIVE DEFENSE NO. 6.:

Should any plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 7.:

The causes of action therein are subject to the statutory limitation of Civil Code section 1431, et seq., relating to joint and several liability for economic and noneconomic damages.

AFFIRMATIVE DEFENSE NO. 8.:

Pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

AFFIRMATIVE DEFENSE NO. 9.:

Because the complaint is couched in conclusionary terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

AFFIRMATIVE DEFENSE NO. 10.:

At all relevant times, plaintiff failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 11.:

At the time and place alleged in the complaint, Defendants were peace officers in the course and scope of employment. At all relevant times, Defendants had reasonable cause to believe that plaintiff had committed a public offense in an officer's presence, to wit, a violation of the law of the State of California, and so believing, exercised the power, and discharged the duty, of lawful arrest.

AFFIRMATIVE DEFENSE NO. 12.:

The detention or arrest, if any there was, alleged in the complaint was regular and lawful

and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

AFFIRMATIVE DEFENSE NO. 13.:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 14.:

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the complaint, it was privileged as necessary to effect arrest, to prevent escape, and to overcome resistance.

AFFIRMATIVE DEFENSE NO. 15.:

The arrest alleged in the complaint was made pursuant to a warrant of arrest regular upon its face, and therefore there can be no liability pursuant to Government Code section 815.2 and Civil Code section 43.5.

AFFIRMATIVE DEFENSE NO. 16.:

Answering Defendants are entitled to qualified and official and quasi-judicial immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 17.:

All acts of Defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 18.:

Answering Defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States. There has been no deprivation of

any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 19.:

The complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the complaint was not without due process of law.

AFFIRMATIVE DEFENSE NO. 20.:

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 21.:

Answering Defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

AFFIRMATIVE DEFENSE NO. 22.:

Pursuant to Code of Civil Procedure section 667.7 and Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 23.:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care. (Gov. Code, §§ 815.2, 820.4.)

AFFIRMATIVE DEFENSE NO. 24.:

Answering Defendants are entitled to qualified and official and quasi-judicial immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald*, 457 U.S. 800, 818, 73 L.Ed.2d 396, 102 S.Ct. 2727 (1982).)

## DEMAND FOR JURY TRIAL

Answering Defendants respectfully demand trial by jury and a court reporter at time of

trial.

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against plaintiff; and

2. Plaintiff take nothing by Defendants; and

3. Defendants be awarded costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated: August 30, 2005

BILL LOCKYER, Attorney General
of the State of California
PAUL T. HAMMERNESS,
Supervising Deputy Attorney General
BRADLEY A. SOLOMON,
Deputy Attorney General

By: [signature]
BRADLEY A. SOLOMON
Attorneys for Defendants
James Libby and G.R. "Jerry" Monge

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: ***LISTER, Marc Larz v. TREVOR SCHNITZIUS, et al.***

United States District Court, Northern District of California, Case No.: **C-05-02861-EMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 30, 2005, I served the attached

**DEFENDANTS OFFICERS JAMES LIBBY AND G.R. "JERRY" MONGE'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Tim A. Pori
Attorney at Law
Law Offices of Tim A. Pori
521 Georgia Street
Vallejo, CA 94590
*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 30, 2005, at San Francisco, California.

Emily Aquino
Declarant

Signature

40062108.wpd