United States District Court

For the Northern District of California

1

2

3

4

5                         IN THE UNITED STATES DISTRICT COURT

6                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    MARC LARZ LISTER,                              No. C 05-2861 SI

9                Plaintiff,                         **ORDER GRANTING PLAINTIFF'S**
                                                    **MOTION FOR PARTIAL SUMMARY**
10      v.                                          **JUDGMENT, AND GRANTING IN PART**
                                                    **AND DENYING IN PART**
11   TREVOR SCHNITZIUS, et al.,                     **DEFENDANTS' MOTION FOR**
                                                    **SUMMARY JUDGMENT**
12              Defendants.
                                              /
13

14

15          The parties have filed cross-motions for summary judgment.  For the reasons set forth below,

16   the Court hereby GRANTS plaintiff's motion for partial summary judgment and GRANTS in part and

17   DENIES in part defendants' motion for summary judgment.

18

19                                      **BACKGROUND**

20          On July 10, 2003, defendants Detective Trevor Schnitzius and Corporal Mike Hulsey, along with

21   several members of the California Highway Patrol,[1] conducted an administrative inspection of plaintiff's

22   business, "Glass Works," located at 801 A Street, Antioch, California.  *See* Pl's Evid., Ex. A., C.  During

23   the course of the inspection, officers located a partially dismantled 1998 GMC Yukon automobile

24   ("Yukon").  *See id.*, Ex. A (Statement of Probable Cause).  The officers also found parts from the Yukon

25   on other vehicles at Glass Works, and learned that the Yukon had been reported stolen.  *Id.*  Officers also

26   found a cab from a late 1960's model GMC truck with the VIN plate removed, and a trailer which had

27   ───────────────────

28          [1]  Plaintiff also sued officers Libby and Monge of the California Highway Patrol in this action.
     These defendants were dismissed with prejudice in December 2005 upon stipulation of the parties.

1   the original "yoke" removed and a different yoke welded into place.  *Id.*

2          Plaintiff arrived during the inspection.  *Id.*  Plaintiff told the officers that he had purchased and

3   currently owned the Yukon, the GMC truck, and the trailer.  *Id.*  The parties dispute what transpired

4   next.  Plaintiff claims that when he was asked to produce documents relating to the purchase of the

5   Yukon, he provided Schnitzius with a file folder containing: (1) the "Motor Vehicle Bill of Sale"; (2)

6   a Department of Motor Vehicles ("DMV") document entitled "Application for Salvage Certificate or

7   NonRepairable Vehicle Certificate"; and (3) a DMV document entitled "Notice of Pending Lien Sale

8   For Vehicle Valued $4000.00 or Less."  *See* Lister Decl. at ¶¶ 6-15, *see also id.*, Ex. A.  The Statement

9   of Probable Cause, prepared by Schnitzius, states, "Although able to produce receipts/documentation

10  for various other vehicles, Lister was unable to provide a receipt or any other documentation to show

11  a legitimate purchase for [the Yukon]."  Pl's Evid., Ex. A.  Schnitzius has also submitted a declaration

12  stating that plaintiff never handed him a file folder with documents relating to the Yukon on the day of

13  the administrative inspection.  *See* Schnitzius Supp. Decl. 1:24-2:05.[2]

14         Based on the administrative inspection, officers arrested plaintiff for violating California Vehicle

15  Code Section 10851(a), theft and unlawful taking or driving of a vehicle.  *See* Pl's Evid., Ex. A. at Ex.

16  B.  Plaintiff was taken to the Antioch City Jail, where he was questioned by Schnitzius and a California

17  Highway Patrol officer.  *Id.*

18         Schnitzius prepared a Statement of Probable Cause in support of a search warrant application

19  for Glass Works and 2108 Blue Rock Circle, Concord, California, which was plaintiff's residence.

20  Schnitzius ran a computer check to find plaintiff's address and confirmed with plaintiff that he in fact

21  lived at 2108 Blue Rock Circle in Concord, California.  *See* Schnitzius Decl. 2:1-3. The Statement of

22  Probable Cause provides a physical description of 2108 Blue Rock Circle, but does not state that 2108

23  Blue Rock Circle is plaintiff's residence.  Pl's Evid. Ex. A.

24         Hulsey approved the Statement of Probable Cause before it was submitted to Judge John W.

25

26  ───────────────────

27         [2]  As discussed *infra*, the parties also dispute whether plaintiff provided the officers with
    information about the GMC truck and the trailer during the administrative inspection.

28                                                    2

Kennedy of the California Superior Court, Contra Costa County, for review.  *See* Ex. G, Hulsey Dep. 22:7-19.  Judge Kennedy issued a warrant to search Glass Works and 2108 Blue Rock Circle, Concord, California.  *See* Pl's Evid., Ex. A.  The search warrant authorized the seizure of stolen auto parts, vehicle identification numbers, and indicia of ownership of stolen cars, including computer hard drives.  *See id.*

The search warrant for Glass Works and 2108 Blue Rock Circle was executed simultaneously at both locations on the evening of July 10, 2003.  Defendant Smith executed the search warrant at Glass Works.  *See* Pl's Evid., Ex. C.  During the search, Smith seized vehicle parts, two computers, a videotape from the surveillance system, and a handgun.  *Id*.  Smith did not read the search warrant and instead relied on defendant Schnitzius' briefing and subsequent discussions regarding what should be seized from plaintiff's business.  *See* Ex. E, Smith Dep. 31:13-19.

Schnitzius, Hulsey and Smith[3] executed the search warrant at 2108 Blue Rock Circle.  *See* Pl's Evid., Ex. A.  While plaintiff was in custody he had provided Schnitzius with the combination to a locked safe he said would be found in his home.  *Id.* Ex. F, Schnitzius Dep. 58:15-21.  Hulsey searched the safe, where he found 23 weapons.  Hulsey states that in order to search the safe for the items listed in the search warrant, he had to remove the weapons both for safety reasons and because they impeded his access to the safe. *See* Hulsey Decl. 2:1-4.  As a safety precaution, as he removed the weapons Hulsey checked each weapon to make sure it was not loaded.  *Id.* at 42:7-43:3.  During this process, Hulsey noticed that one of the firearms had an obliterated serial number, which he knew to be unlawful.  *Id*. at 46:23-47:2.  Hulsey handed the weapons to Schnitzius, who also inspected the weapons.  *Id.* Ex. F, Schnitzius Dep. 97:9-13.  Schnitzius called the police station and was informed that four firearms were not properly registered, but that dispatch did not have the resources to check the registration on all the weapons at that time.  *Id.* at 30:2-17.  Schnitzius decided to seize all weapons from plaintiff's home in order to run searches on them at a later time.  *Id*. at 92:13-25.

Plaintiff was subsequently arrested for operating a "chop shop" in violation of California Vehicle

---

[3] Smith joined the search of plaintiff's home after completing the search of plaintiff's business. *Id*., Ex. C.

United States District Court

For the Northern District of California

1   Code Section 10801.  On July 22, 2003, Schnitzius swore out a complaint in the Superior Court of

2   California, County of Contra Costa alleging four misdemeanor counts: (1) violation of Penal Code

3   Section 496d, receiving stolen property; (2) violation of Penal Code Section 12020(a)(1), possessing a

4   deadly weapon; (3) violation of Vehicle Code Section 10801, chop shop operation; and (4) violation of

5   Vehicle Code Section 10751, dealing in vehicles, or parts of vehicles, where the manufacturer's number

6   has been removed, defaced, altered or destroyed.  *See* Lister Decl. ¶ 33.

7       On July 22, 2003, Special Agent Humphries swore out a warrant for plaintiff's arrest on federal

8   charges alleging that plaintiff possessed five semi-automatic weapons in violation of 18 U.S.C. § 922(o)

9   and possession of a firearm with an obliterated serial number which traveled in interstate commerce in

10   violation of 18 U.S.C. § 922(k).  Plaintiff was arrested on July 24, 2003 on those charges, and released

11   on a $150,000 bond on July 25, 2003.  Plaintiff was later indicted in United States District Court on

12   August 14, 2003, on one count of Possession of a Semi-automatic Assault Weapon in violation of

13   18 U.S.C. § 922(v)(1) and on one count of Possession of Machine Gun in violation of 18 U.S.C.

14   § 922(o).

15       On November 10, 2003, the federal indictment against plaintiff was dismissed without prejudice.

16   *Id*. at ¶ 37.  On February 2, 2004, the state charges against plaintiff were dismissed with prejudice on

17   the prosecution's motion.  *See* Lister Decl. ¶ 36.  Schnitzius requested a Felony Complaint on March 4,

18   2004, in the Superior Court of Contra Costa County against plaintiff for possession of assault weapons.

19   *Id*. at ¶ 38.  Plaintiff entered a no contest plea to an amended count seven of the information to a

20   misdemeanor violation of Penal Code Section 12020, manufacture, import, sale, supply or possession

21   of certain weapons and explosives.  *Id*. at ¶ 38.

22

23                                    **LEGAL STANDARD**

24       The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings,

25   depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that

26   there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

27

28                                            4

a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the Court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the nonmoving party. *See T.W. Electric*, 809 F.2d at 630-31 (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49 (2d Cir. 1985); *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Hearsay statements found in affidavits are inadmissible. *See, e.g., Fong v. American Airlines, Inc.*, 626 F.2d 759, 762-63 (9th Cir. 1980).

## DISCUSSION

Plaintiff moves for partial summary judgment on the first cause of action for deprivation of a clearly established constitutional right under 42 U.S.C. § 1983 against defendants Schnitzius, Hulsey and Smith. Plaintiff's motion only challenges the search of 2108 Blue Rock Circle, and does not challenge the search of Glass Works. Defendants Schnitzius, Hulsey and Smith oppose plaintiff's motion, and move for summary judgment, along with defendants City of Antioch and Police Chief Mike Moczulski, on all of plaintiff's claims.

5

**United States District Court**

For the Northern District of California

**1.    Search of 2108 Bluerock Circle, Concord, California**

Plaintiff alleges that defendants violated his Fourth Amendment rights in connection with the search of his home, 2108 Blue Rock Circle, in Concord, California. Plaintiff raises a number of contentions:  (1) the search warrant affidavit did not contain any nexus between the criminal activity alleged and 2108 Blue Rock Circle; (2) Schnitzius committed a *Franks* violation by deliberately omitting material information from the search warrant affidavit[4]; (3) the warrant was overbroad in that it authorized a "general fishing expedition"; and (4) defendants' seizure of firearms from plaintiff's safe during the execution of the warrant was not justified by the plain view doctrine.  The Court agrees that the search violated the Fourth Amendment because the search warrant affidavit did not establish probable cause for 2108 Blue Rock Circle.  Thus, the Court does not reach plaintiff's other contentions.

The search warrant issued by Judge Kennedy states that one of the premises to be searched is located at "2108 Blue Rock Circle, Concord, California."  See Pl's Evid., Ex. A.  The search warrant lists the structure as a residence and includes a description of the exterior of the home.  *Id*.  Attached to the warrant is an "Opinion of Affiant," which states that in Schnitzius' experience he knows that people who deal in stolen vehicles often feel secure enough to keep evidence of their criminal activity at their residence.  *Id*.  Also attached to the affidavit is a "Statement of Expertise for Auto Theft," which lists Schnitzius' expertise in the area.  *Id*.  The search warrant does not state that plaintiff lives at the residence, nor does it state any connection between plaintiff, the alleged criminal activity, and 2108 Blue Rock Circle.  *Id*.

Relying on *United States v. Hove*, 848 F.2d 137 (9th Cir. 1988), plaintiff contends that the search warrant affidavit failed to establish probable cause to search 2108 Blue Rock Circle.  In *Hove*, the defendant was suspected of sending threatening letters to her ex-husband and planting pipe bombs under his car.  *Id*. at 139.  The investigating officer learned that Hove and her child were staying with several different relatives and might be living with her father.  *Id*.  The investigating officer later learned that

---

[4]  Plaintiff first raised this contention in his opposition to defendants' motion for summary judgment.

**United States District Court**

For the Northern District of California

1   Hove was in fact living with her father by tracing a phone number given to him by Hove and her sister.

2   *Id.* The officer also went to Hove's father's residence and observed Hove's car parked outside the house

3   and children's toys in the yard. *Id.* The officer testified that although he recited these facts to the

4   stenographer when preparing his affidavit for a search warrant of Hove's father's house, these facts were

5   mistakenly omitted from the affidavit. *Id.* "Therefore, the final warrant application, while it set forth

6   facts suggesting that Kimberly Hove had sent threatening letters, never linked Kimberly Hove or any

7   suspected criminal activity in any way with the [father's] 2727 DeAnza residence." *Id.* A different

8   officer executed the warrant and seized evidence of threatening letters. *Id.* The district court denied

9   Hove's motion to suppress, holding that in light of the affiant's investigation, probable cause existed to

10  believe that Hove resided at her father's house. *Id.* The district court also ruled that the officer

11  executing the warrant did so with objective good faith, and thus the *Leon* exception applied. *Id.*

12       The Ninth Circuit reversed, holding that "the affidavit submitted by Sgt. Moya in support of this

13  search warrant was so deficient that any official belief in the existence of probable cause must be

14  considered unreasonable." *Id.*

15       Here, reasonable judges could not disagree over whether probable cause existed to search
16       the DeAnza location because the affidavit offers no hint as to why the police wanted to
         search this residence. The affidavit does not link this location to the defendant and it
17       does not offer an explanation of why the police believed they may find incriminating
         evidence there; the affidavit simply lists the DeAnza address as a location to be searched.
18       It is critical to a showing of probable cause that the affidavit state facts sufficient to
         justify a conclusion that evidence or contraband will probably be found at the premises
19       to be searched. No such facts were stated in this affidavit. Thus, any official belief in
         the existence of probable cause must be considered unreasonable.

20  *Id.* at 139-40. Significantly, the court also held that it was improper to consider the facts that the search

21  warrant affiant subjectively knew at the time he completed the affidavit but that were not included in

22  the affidavit or presented to the judge. *Id.* at 140. Instead, "[t]he *Leon* test for good faith reliance is

23  clearly an objective one and it is based solely on facts presented to the magistrate." *Id.* The court

24  emphasized that "[t]he point [of *Leon*] is that officers who present a colorable showing of probable cause

25  to a judicial officer ought to be able to rely on that officer's ruling in executing the warrant." *Id.*

26       The Court finds *Hove* controlling, and accordingly holds that the search of 2108 Blue Rock

27

28                                                         7

United States District Court

For the Northern District of California

1  Circle violated the Fourth Amendment.  As in *Hove*, there was no information in the search warrant

2  affidavit linking plaintiff with 2108 Blue Rock Circle, nor was there any explanation of why officers

3  believed they might find incriminating evidence at that location.  Defendants do not assert that officers

4  otherwise informed the judge that 2108 Blue Rock Circle was in fact plaintiff' residence.   Instead,

5  defendants argue that in interpreting the affidavit, the judge issuing the warrant could infer that the

6  residence listed was plaintiff's because plaintiff was the only suspect mentioned in the affidavit.

7  However, defendant's argument lacks merit because *Hove* holds that probable cause must be established

8  on the face of the search warrant application.

9      Defendants attempt to distinguish *Hove* by noting that in *Hove* the residence searched was not

10  the defendant's residence, while here 2108 Blue Rock Circle was in fact plaintiff's home.  This is a

11  distinction without a difference, however, because under *Hove*, Schnitzius' subjective knowledge that

12  2108 Blue Rock Circle was plaintiff's home is irrelevant to the question of whether the search warrant

13  *affidavit* supported probable cause to search that location.  The holding in *Hove* did not turn on the fact

14  that the residence searched was owned by Hove's father; instead, the Ninth Circuit held more generally

15  that "[i]t is critical to a showing of probable cause that the affidavit state facts sufficient to justify a

16  conclusion that evidence or contraband will probably be found at the premises to be searched."  *Id.* at

17  140.  No such facts were stated in Schnitzius' affidavit, and accordingly under *Hove* the search violated

18  the Fourth Amendment.

19      The Court also rejects defendants' contention that they are entitled to qualified immunity.  As

20  discussed *supra*, *Hove* held that the *Leon* good faith exception did not apply to the execution of a facially

21  invalid search warrant.  *See id.* at 140.  In *Malley v. Briggs*, 475 U.S. 335 (1986), the Supreme Court

22  held that the "reasonableness" standard applicable in a suppression hearing under *Leon* also defines the

23  qualified immunity available in a § 1983 damages action.  *Id.* at 343-44.  "Only where the warrant

24  application is so lacking in indicia of probable cause as to render official belief in its existence

25  unreasonable, will the shield of immunity be lost."  *Id*. at 344 (internal citation omitted).  Thus, under

26  *Hove* and *Malley*, defendants are not entitled to qualified immunity because the search warrant affidavit

27

28          8

did not contain any information establishing probable cause to search 2108 Blue Rock Circle.

For the foregoing reasons, the Court GRANTS plaintiff's motion for partial summary judgment and DENIES defendants' motion for summary judgment as to the search of 2108 Blue Rock Circle.

**2.    Search of Glass Works**

Defendants move for summary judgment on the balance of plaintiff's first cause of action concerning the search of his business, Glass Works.[5]  The Court finds that Schnitzius' affidavit establishes probable cause to search Glass Works because the affidavit states, *inter alia*, that officers found a partially dismantled Yukon that had been reported stolen.  The Statement of Probable Cause also stated that officers found parts from the Yukon on other vehicles, and that other vehicles at the shop were missing VIN numbers or had otherwise been altered in ways consistent with a finding that Glass Works a chop shop.  This information is more than sufficient to establish "a fair probability that contraband or evidence of a crime will be found" at Glass Works. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

However, the Court finds that there is a dispute of fact as to whether Schnitzius deliberately omitted material information from his affidavit in violation of *Franks v. Delaware*, 438 U.S. 154 (1978), and thus summary judgment on plaintiff's claim against Schnitzius is inappropriate.  *See Liston v. County of Riverside*, 120 F.3d 965, 974-75 (9th Cir. 1994).  Plaintiff's opposition asserts that during the administrative search of his business, plaintiff gave Schnitzius a stack of file folders containing documents reflecting vehicle purchases as well as documents pertaining to auto parts purchases pertaining to those same vehicles.  *See* Lister Decl. ¶¶ 8-16.  None of this information was included in the Statement of Probable Cause, which states that "Lister was unable to provide a receipt or any other documentation to show a legitimate purchase" of the Yukon, Pl's Evid. Ex. A, and Schnitzius denies that

---

[5]   Although defendants moved for summary judgment regarding the legality of this search, defendants also state that plaintiff's motion and complaint did not appear to dispute the existence of probable cause for the search of Glass Works.  While plaintiff did not move for summary judgment on this issue, the complaint does challenge the search of Glass Works.  *See* Complaint ¶ 41(f).

9

United States District Court

For the Northern District of California

1   plaintiff gave him these documents during the inspection. *See generally* Schnitzius Supp. Decl. Plaintiff

2   also alleges that he provided Schnitzius exculpatory information regarding the GMC truck and the trailer

3   during the administrative inspection.[6]  Schnitzius denies that these conversations ever occurred. *See id.*

4           Defendants argue that the Court should disregard plaintiff's September 18, 2006 declaration

5   because the statements made in that declaration are not supported by other evidence in this case,

6   including plaintiff's own statements at the police station after he was arrested.  While the Court is

7   troubled by the timing of plaintiff's assertions, the September 18, 2006 declaration is not necessarily

8   inconsistent with previous statements.  Defendants also argue, quite persuasively, that plaintiff's

9   declaration is incredible based on plaintiff's failure to disclose these facts earlier in discovery, or to

10  mention them in plaintiff's own motion.[7]  However, the Court cannot make credibility determinations

11  on a motion for summary judgment, and thus the Court accepts plaintiff's declaration as true for

12  purposes of the instant motion.  If plaintiff's version of events is believed, Schnitzius omitted material

13  information from the affidavit.[8]

14          Defendants also contend that the individual defendants are entitled to qualified immunity.  If

15

16  _____

17      [6]  Plaintiff claims that on July 10, 2003, when defendant Schnitzius asked him why the VIN
    plates were removed from the truck, plaintiff explained that he had located the vehicle through the
18  newspaper and that the seller had advised him that the VIN plates had been removed in order to dip the
    truck in acid to remove the rust, which would have dissolved the VIN plates. *See* Lister Decl. ¶¶ 18-21.
19  This information was not included in the affidavit supporting the search warrant.  In addition, plaintiff
    alleges that when defendant Schnitzius asked him why the trailer had no VIN numbers, he explained to
20  defendant that the original yoke had no VIN numbers when it had been purchased and that it had been
    removed in order to extend the "tongue" of the trailer to accommodate the work done in the course of
21  plaintiff's business. *See id.* ¶ 27.  This information also was not included in the affidavit supporting the
    search warrant.

22      [7]  The first time plaintiff asserted that he provided Schnitzius with documents relating to the
    Yukon during the administrative inspection was in his August 16, 2006 deposition.
23

24      [8]  The Court ordered plaintiff to submit a supplemental declaration explaining why he failed to
    disclose earlier in this litigation the facts contained in his September 18, 2006 declaration.  Both plaintiff
25  and his counsel filed declarations explaining their understanding that certain discovery was ongoing and
    that plaintiff would supplement his responses.  Counsel also stated that while the specific facts at issue
26  had not been previously disclosed to the Court, plaintiff had previously alleged that Schnitzius had made
    "material misstatements of fact."  Although the Court remains troubled by plaintiff's failure to
27  specifically disclose these facts earlier, the Court will accept the sworn statements of plaintiff and his
    counsel and allow the September 18, 2006 declaration into evidence.

28
                                                    10

Schnitzius omitted material information from the affidavit, he is not entitled to qualified immunity. *See Branch v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991) (stating *Franks* standard defines the scope of qualified immunity), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The Court concludes, however, that the other individual defendants are entitled to qualified immunity regarding the search of Glass Works. Plaintiff does not contend that the other individual defendants participated or were somehow involved in the alleged *Franks* violation.[9] As stated above, the search warrant was not facially invalid, and the other defendants "could have reasonably believed that [their] particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

Accordingly, the Court DENIES defendants' motion as to Schnitzius, and GRANTS the motion as to the remaining defendants.

### 3.    Conspiracy (42 U.S.C. § 1983)

Plaintiff's second cause of action alleges a claim for conspiracy against defendants Schnitzius, Hulsey, and Smith, and Does 1 through 60. Plaintiff alleges that these defendants "made an agreement to violate Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure when they fabricated an overly broad search warrant affidavit which enabled them to seize Plaintiff's computers and related business records, and to search Plaintiff's home at 2108 Blue Rock Circle in Concord, California." Complaint ¶ 44.

In order to be successful on this claim, plaintiff must show that there was an understanding, or some concerted effort or plan, to cause him harm or injury. *See Moore v. Marketplace Restaurant, Inc*, 754 F.2d 1336 (7th Cir. 1985). Plaintiff has not submitted any evidence showing any such understanding or plan, and accordingly the Court GRANTS summary judgment in favor of defendants.

---

[9] Plaintiff's opposition appears to concede that the other defendants are entitled to qualified immunity. *See* Pl's Oppo. at 11-13.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

**4.**     ***Monell* liability (42 U.S.C. § 1983)**

Plaintiff's third cause of action alleges a claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) against defendants Chief Moczulski, the City of Antioch, and Does 1 through 60.  Defendants contend that there is no evidence that Moczulski authorized or approved any of the allegedly unconstitutional conduct, and that there is no evidence of an unconstitutional policy, custom or practice on the part of the City.  Plaintiff's opposition papers do not address this claim or any of defendants' contentions.

A local government may not be sued under 42 U.S.C. § 1983 for a constitutional violation committed by its employees or agents unless that violation is pursuant to the execution of an official policy or custom.  *See Monell v. Dept. of Social Serv.*, 436 U.S. at 694.  A plaintiff may demonstrate a policy or custom to support municipal liability in a number of ways.  A plaintiff "may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (*quoting Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)) (internal quotation omitted).  In addition, a plaintiff "may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 1346-47.

Here, plaintiff has not submitted any evidence that Moczulski ratified any unconstitutional act, or that the actions taken against him were done so pursuant to a City policy, practice or custom.  Because plaintiff bears the ultimate burden of proof on these issues, the Court GRANTS defendants' motion for summary judgment.  *See Picray v. Sealock*, 138 F.3d 767, 772 (9th Cir. 1998).

**5.     Malicious prosecution (42 U.S.C. § 1983)**

In the fourth cause of action, plaintiff alleges that defendants Schnitzius, Hulsey and Smith engaged in malicious prosecution by instituting the state and federal criminal actions against plaintiff.  Defendants contend, *inter alia*, that plaintiff has failed to submit evidence that any of the defendants

12

**United States District Court**

For the Northern District of California

1  acted with malice with an intent to deny plaintiff his rights under the Fourth Amendment. Plaintiff's

2  opposition focuses only on his malicious prosecution claim as to Schnitzius, and contends that

3  Schnitzius acted with malice because he concealed exculpatory evidence and deliberately omitted such

4  information from the search warrant affidavit.

5  In order to prevail on a § 1983 claim for malicious prosecution plaintiff must be able to show:

6  (1) the defendants prosecuted him with malice; (2) plaintiff was prosecuted without probable cause; and

7  (3) plaintiff was prosecuted for the purpose of denying him equal protection or a specific constitutional

8  right. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Malicious prosecution

9  cases may be brought against persons who have "wrongfully caused the charges to be filed." *Id*. (citing

10  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002) (holding that plaintiff's

11  allegations that a coroner's knowingly or recklessly false statements led to his arrest and prosecution

12  were sufficient to state a § 1983 claim)). The presumption of prosecutorial independence does not bar

13  a § 1983 action where it can be shown that a state or local official "improperly exerted pressure on the

14  prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise

15  engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal

16  proceedings." *Awabdy*, 368 F.3d at 1067.

17  Here, the Court finds that plaintiff has submitted evidence sufficient to raise a triable issue of fact

18  on the malicious prosecution claim against Schnitzius. As discussed *supra*, plaintiff's declaration states

19  that he provided Schnitzius with exculpatory information prior to the search warrant application, yet

20  none of this information is contained in Schnitzius' affidavit. Taking plaintiff's declaration at face

21  value, as the Court is required to do on defendants' motion for summary judgment, one could conclude

22  that Schnitzius' "wrongful or bad faith conduct . . . was actively instrumental in causing the initiation

23  of legal proceedings." *Id*. Accordingly, the Court DENIES defendants' motion as to defendant

24  Schnitzius. However, because plaintiff has not presented any evidence that would support a claim for

25  malicious prosecution against defendants Hulsey and Smith, the Court GRANTS defendants' motion

26  as to these defendants.

27

28

**CONCLUSION**

For the above reasons, the Court GRANTS plaintiff motion for partial summary judgment, and GRANTS in part and DENIES in part defendants' motion for summary judgment.  (Docket Nos. 40 and 48).

**IT IS SO ORDERED.**

Dated: January 23, 20007

_____
SUSAN ILLSTON
United States District Judge

United States District Court

For the Northern District of California

14